# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| JACK C. GOLDSTEIN and | § | |
| LESLIE S. GOLDSTEIN, | § | CIVIL ACTION NO. |
| | § | |
| Plaintiffs, | § | |
| | § | JUDGE |
| vs. | § | |
| | § | |
| AMERICAN BANKERS  INSURANCE, | § | |
| COMPANY OF FLORIDA | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Jack C. Goldstein and Leslie C. Goldstein (the "Goldsteins") who file this Original Petition against American Bankers Flood Insurance Company of Florida (the "Company") and respectfully represent as follows:

### JURISDICTION AND VENUE

1.    This action is brought pursuant to the National Flood Insurance Program (the "Program") and the National Flood Insurance Act of 1968 (the "Act"), (42 U.S.C. § 4001 *et seq.*) and federal common law.

2.    Venue is proper in this district because the flood loss occurred at the Goldstein's home located at 16 Sugarberry Circle, Houston, Texas  77024 (the "Home").  The Home is located in the City of Houston, County of Harris, State of Texas, and is within the geographical limits of the Southern District of Texas.

### PARTIES

3.    The Company is an insurance company organized pursuant to the laws of the State of Florida and can be served via its registered agent for service of process Corporation Service Company, 211 East 7th Street, Austin, Texas 78701-3218.

**FACTUAL BACKGROUND**

4.     In accordance with the Program and the Act, the Goldsteins purchased a flood insurance policy from the Company bearing Policy No. 60100892002016 (the "Policy"), which covered the Home.

5.     At all times relevant to the action, the Policy was in full force and effect.

6.     Hurricane Harvey made landfall in Texas on August 26, 2017.  As a result of Hurricane Harvey and actions of the United States Army Corps of Engineers to release waters from certain flood-control structures located in Harris County, Texas, the  Home suffered catastrophic flood damage.

7.     As a result of the catastrophic flooding in August and September 2017, significant and extensive damage to both the Home and its contents occurred.

8.     The damage to the Home and its contents was covered by the Policy issued by the Company.

9.     The Policy issued by the Company was for the maximum coverage allowed by the Program and the Act; namely, $250,000.00 worth of coverage for damage to the structure and $100,000.00 worth of coverage for damage to the contents.

10.    The damages suffered by the Goldsteins far exceeded the coverage limits under the Policy, namely $250,000.00 for the structure and $100,000.00 for the contents.

11.    The Goldsteins expended far more than the coverage limits under the Policy, namely $250,000.00 for the structure and $100,000.00 for the contents

12.    The Goldsteins made a claim pursuant to the Policy, but the Company has refused to pay for all covered items.

13.    Instead, the Company only paid the Goldsteins $245,688.08 when their covered damages far exceeded the policy limits of $350,000.00

14.    To assist them in making their claim, the Goldsteins engaged the services of a public adjuster.

15.     Notwithstanding the services of the public adjuster, the Company has continued to refuse to pay the policy limits, notwithstanding the fact that the damages to the structure and contents far exceeded those limits.

## CAUSE OF ACTION – BREACH OF CONTRACT

16.     The Goldsteins restate and incorporate by reference the allegations contained in the preceding paragraphs.

17.   The Company's failure to pay policy limits, when the damages suffered by the Goldsteins far exceeds those amounts, constitutes a breach of contract and is in violation of the Program and the Act.

18.   The Company is liable to the Goldsteins for the full difference between the amount paid and the policy limits, namely $104,311.92.

## CAUSE OF ACTION – BAD FAITH FAILURE TO PAY CLAIMS

19.     The Goldsteins restate and incorporate by reference the allegations contained in the preceding paragraphs.

20.   The Company's failure to pay the amount set forth in paragraph 18 above is a violation of Section 21.21 of the Texas Insurance Code as the Company's actions constituted bad faith failure to settle.

## ATTORNEY'S FEES

21.     The Goldsteins restate and incorporate by reference the allegations contained in the preceding paragraphs.

22.   The Goldsteins have engaged the services of an attorney licensed in the State of Texas to present their claim.

23.   Because the Policy was issued in the State of Texas, and Defendant's failure to pay is a breach of that written agreement, the Company is liable for attorneys fees pursuant to the agreement of the parties and Section 38.01 of the Texas Civil Practice and Remedies Act and the Texas Insurance Code.

## DEMAND FOR JURY TRIAL

24.   The Goldsteins demand a jury trial in this matter.

WHEREFORE, the Goldsteins pray that, after due proceedings are had, that this Court enter judgment in its favor and against American Bankers Insurance Company of Florida

1.     Awarding damages in the amount of $104,311.92, plus interest, which continues to accrue at the legal rate from date of judicial demand;

2.     Awarding attorney's fees and costs; and

3.     Such other just and equitable relief as may be appropriate.


Respectfully submitted,

**LISKOW & LEWIS**

_____

Michael D. Rubenstein
State Bar No. 24047514
Hilary Soileau
State Bar No. 24106452
1001 Fannin Street, Ste. 1800
Houston, Texas  77002
Telephone:     713.651.2900
Facsimile:     713.651.2908

**ATTORNEYS FOR
JACK C. AND LESLIE S. GOLDSTEIN**